IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO OROPEZA<br><br>Defendant. | CRIM. No. 09-0102-S-BLW<br><br>MEMORANDUM DECISION<br>AND ORDER |

## INTRODUCTION

The Court has before it two motions in limine – one filed by each side. As explained below, the Court will deny the motion filed by the defense and reserve ruling on the motion filed by the Government.

**Memorandum Decision & Order – page 1**

## ANALYSIS

**Government Motion in Limine**

The Government seeks to preclude counsel for defendant Oropeza from attempting to elicit, during cross examination of an undercover officer, exculpatory statements made by Oropeza to the officer. The defense responds that on direct examination, the undercover officer will "cherry pick" Oropeza's inculpatory statements, opening the door under Rule 106 for the defense, on cross, to elicit Oropeza's exculpatory statements to ensure that the full context of the transaction is fairly presented.

These arguments require the Court to examine Rules 106 and 801, along with the Confrontation Clause. The Court begins with Rule 801. Oropeza's inculpatory statements, offered by the Government through the undercover agent are admissions of a party-opponent and therefore not hearsay. *See Fed.R.Evid. 801(d)(2)*. Oropeza's exculpatory statements, offered during the defense's cross examination of the officer, would be inadmissible hearsay. *See Williamson v. United States,* 512 U.S. 594, 599 (1994). To admit the exculpatory statements on cross would allow Oropeza to place his own statements before the jury "without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000).

**Memorandum Decision & Order – page 2**

Rule 106, cited by Oropeza, applies only to written and recorded statements. *Id*. There appears to be no dispute that the undercover officer will testify from his recollection of the events, and hence Rule 106 does not apply. Moreover, Rule 106 cannot be used to admit otherwise inadmissible hearsay. *Id.*

The Sixth Amendment's Confrontation Clause gives criminal defendants the right to confront witnesses who make testimonial statements at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36 (2004). "In contrast, non-testimonial statements do not implicate the Confrontation Clause." *See Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009). Oropeza's statements are non-testimonial as they were allegedly made during a drug deal to an undercover officer. Moreover, no case holds that the defendant has a right to confront himself.

However, the Confrontation Clause does give Oropeza the right on cross-examination to question the reliability of the undercover officer; the Confrontation Clause "secure[s] for the opponent the opportunity of cross-examination." *Vasquez v. Kirkland*, 572 F.3d 1029, 1036 (9th Cir. 2009). Oropeza must be allowed on cross examination to "expose the jury to facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Id*. Nevertheless, the Confrontation Clause does not prevent a trial judge from

**Memorandum Decision & Order – page 3**

imposing "reasonable limits" on cross-examination. *Id.* In two prior cases, the Ninth Circuit has held that the Confrontation Clause was not violated when the trial judge precluded the defendant from inquiring into his own exculpatory statements during cross examination. *See Ortega*, 203 F. 3d at 682-83; *United States v. Nakai*, 413 F.3d 1019, 1022-23 (9th Cir. 2005).

Despite this weight of legal authority, the analysis remains fact-driven. *See Ortega*, 203 F.3d at 683. The parties to this case have not made clear the precise nature of the exculpatory statements or their context in the conversation as a whole. Thus, the Court has no way of knowing at this point if the Confrontation Clause would require that Oropeza – in order to satisfy his right to cross examination – be allowed to pursue inquiry into his exculpatory statements during his cross examination of the officer. This decision must await trial, and hence the Court will reserve ruling on the motion at this time.

**<u>Defense Motion in Limine</u>**

Oropeza seeks to exclude any testimony from the Government's expert, Jack Catlin, a Lieutenant with the Idaho State Police. Lt. Catlin will testify about the nexus between drug trafficking and the possession of weapons. He will describe the various reasons a drug dealer would possess a firearm. Oropeza argues that this testimony will not aid the jury in understanding the evidence or to determine a

**Memorandum Decision & Order – page 4**

fact at issue, and is hence inadmissible under Rule 702.

The Circuit found helpful similar testimony in a § 924(c) case that (1) it was common for drug traffickers to possess and use weapons in order to protect their drugs and to intimidate buyers and (2) drug traffickers commonly kept a weapon near their drugs.  *United States v. VonWillie*, 59 F.3d 922 (9th Cir. 1995).  Although the officer in *VonWillie* testified as a lay witness under Rule 701, that Rule shares with Rule 702 the requirement at issue here – that the testimony be helpful to the jury.  Thus the Circuit's holding on this issue in *VonWillie* applies to this case: The testimony "was helpful to the jury's 'determination of a fact in issue,' . . . namely whether [the defendant] was involved in drug trafficking and whether he used a firearm 'in relation to' a drug offense." *Id*. at 929.  As described by the Government, Catlin's testimony will assist the trier of fact to understand the evidence, and hence the Court will not order it precluded at this time under Rule 702.  Of course, this decision is predicated upon, and thus limited to, the specific opinions identified by the Government.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the defendant's motion in limine (docket no. 274) is DENIED.

**Memorandum Decision & Order – page 5**

IT IS FURTHER ORDERED, that the Government's motion in limine (docket no. 264) is RESERVED FOR TRIAL.



DATED:  **March 15, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 6**